NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0038n.06

No. 14-1626

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CARA BROWN, | ) | **FILED** |
| | ) | Jan 13, 2015 |
| *Plaintiff-Appellant,* | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| COMMISSIONER OF SOCIAL SECURITY, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| *Defendant-Appellee.* | ) | MICHIGAN |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges; GWIN, District Judge[*]

GWIN, District Judge. The district court affirmed the denial of Plaintiff-Appellant Cara Brown's application for Social Security disability insurance benefits (DIB) and supplemental security income (SSI).[1] Brown appeals the district court's decision. For the following reasons, we **AFFIRM** the district court's denial of Brown's application.

In October 2009, Brown applied for DIB and SSI, alleging that multiple psychiatric conditions made her disabled since February 15, 2007. After the Social Security Administration (SSA) initially denied the application, Brown requested a hearing before an administrative law judge

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

[1] *Brown v. Comm'r of Soc. Sec.*, No. 1:12-cv-1253, 2014 WL 1340748 (W.D. Mich. Apr. 3, 2014).

No. 14-1626, *Brown v. Commissioner of Social Security*

(ALJ). After a hearing, the ALJ found that Brown was not disabled. The SSA's Appeals Council declined to review the case, making the ALJ's finding the Commissioner's final decision.

Brown timely asked for judicial review. The district court, adopting a magistrate's report and recommendation, affirmed the ALJ's denial.[2] Our review is limited to whether substantial evidence supports the Commissioner's findings and whether the Commissioner correctly applied the law.[3]

Brown raises several arguments. None show a lack of substantial evidence or an error of law.

First, Brown argues that the ALJ failed to consider the opinions of a treating nurse practitioner, Susan Michalowski, and examining physician, Dr. Tatyana Sigal.

Nurse Michalowski completed a residual functional capacity (RFC) questionnaire, concluding that Brown was limited in her ability to understand instructions and work with others. However, the ALJ made explicit and well supported findings as to why Nurse Michalowski's opinion was "unpersuasive."[4] Nurse Michalowski's opinion conflicted with the opinions of several physicians and did not critically examine Brown's complaints or consider the possibility of malingering and secondary gain.[5] Nurse Michalowski's opinion was considered, but rejected for good reason.

---

[2] *Id.*

[3] *See Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

[4] *Brown*, 2014 WL 1340748 at *7 (quoting Administrative Record at 17).

[5] *Id.* ("I accord less weight to Ms. Michalowski's opinion. First, Ms. Michalowski is not a psychiatrist or psychologist. Second, it appears that Ms. Michalowski accepts the claimant's allegations at face value without independently verifying the claimant's veracity. I note that a therapist, Cathy Coscarelli, told the claimant there was nothing wrong with her. Furthermore, Community Mental Health of Clinton Ingham Eaton staff on May 8, 2010 concurred with Ms. Coscarelli's statement. In fact, the claimant was diagnosed with a personality order NOS, malingering, and mood disorder NOS. There seems to be a significant element of secondary gain in this case. However, Ms. Michalowski did not address this issue. Therefore, Ms. Michalowski's opinion is unpersuasive.").

The ALJ did not consider the Dr. Sigal's opinion because her evaluation was rendered after the ALJ issued his decision. In cases where the Appeals Council denies review, only the ALJ's decision and its supporting record is subject to the Court's review. Dr. Sigal's opinion, therefore, is not even part of the record the Court may consider on appeal.[6]

Second, Brown argues that the magistrate and Commissioner mistakenly concluded that a consulting examiner "felt the claimant could work."[7] Brown argues that the consulting examiner's opinion was in fact consistent with that of Nurse Michalowski, and that both found that Brown's alleged impairments severely impacted her capacity to work.

Brown misreads the administrative record. The ALJ gave "some weight" to the opinions of three consulting physicians, finding that they "all agree that the claimant can perform simple work, which is an important component of the mental residual functional capacity assessed in this decision."[8]

The three physicians supported the finding that Brown could perform simple tasks. The ALJ did not conclude that all three physicians assessed Brown as having no impairments. Besides, the ALJ, not consulting physicians, determines whether a claimant can work or adjust to new work.[9] Brown has not pointed to a mistake of fact, let alone the sort that would shake the foundation of substantial evidence supporting the ALJ's findings.

---

[6]*See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003).

[7]Brief of Petitioner-Appellant at 27.

[8]*Brown*, 2014 WL 1340748 at *7 (quoting Administrative Record at 17).

[9]20 C.F.R. § 416.920(a)(v); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

Third and finally, Brown argues that the ALJ failed to give appropriate weight to Nurse Michalowski's opinion. A nurse practitioner is not an "acceptable medical source,"[10] but rather falls in the category of "other sources."[11] The Commissioner "may" use evidence from other sources, but "information from these 'other sources' cannot establish the existence of a medically determinable impairment."[12]

The weight to be given to opinions from "other sources" depends on the facts of the case, the totality of the evidence presented, and the probative value of the opinion.[13] Brown is essentially rehashing her earlier argument that Michalowski's opinion deserved greater credit. But the Commissioner has broad discretion in weighing such an opinion. The ALJ carefully considered Michalowski's findings and discounted them because he found their probative value to be low. We find no error of law in the exercise of this discretion.

For these reasons, we **AFFIRM** the district court's judgment.

---

[10]20 C.F.R. § 416.913(a).

[11]20 C.F.R. § 416.913(d).

[12]SSR 06-03p (S.S.A. Aug. 9, 2006).

[13]*Id.* ("Not every factor for weighing opinion evidence will apply in every case. The evaluation of an opinion from a medical source who is not an "acceptable medical source" depends on the particular facts in each case. Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case.")